UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ASHETON S. MORGAN,

     Plaintiff,

                              Case No. 2:19-cv-3

v.

                              HON. JANE M. BECKERING

TONY TRIERWEILER, et al.,

     Defendants.

_____/

## OPINION AND ORDER

Plaintiff, a former State prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983 against multiple Defendants.  Several Defendants were dismissed on May 14, 2019 (Order, ECF No. 11).  One claim remains:  Plaintiff's First Amendment free exercise claim that Warden Tony Trierweiler, Deputy Warden John Davids, and Prison Counselor Jared Buchin unlawfully denied him Halal meals while he was imprisoned at the Bellamy Creek Correctional Facility (IBC). Defendants Trierweiler, Davids, and Buchin moved for summary judgment, and the matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court grant Defendants' motion and dismiss this case.  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation.  Defendants filed a response to the objections.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

The Magistrate Judge concluded that no genuine issue of material fact remains regarding (1) whether Defendants were personally involved in any unconstitutional act on September 13, 2016, the day Plaintiff was transferred to IBC; and (2) whether Plaintiff exhausted his claims relating to events after September 13, 2016 (R&R, ECF No. 122 at PageID.1501).  The Magistrate Judge concluded that on both points, the record shows that Defendants are entitled to summary judgment (*id.*).

Plaintiff makes four objections to the Magistrate Judge's recommended dismissal of Defendants Davids and Buchin, indicating that he does not challenge the Magistrate Judge's recommendation to grant summary judgment to Defendant Trierweiler (Pl. Objs., ECF No. 125 at PageID.1504).  First, Plaintiff argues that "contrary to the content of [his September 13, 2016] grievance and the law," the Magistrate Judge "recommended a finding that [Plaintiff] did not mention Davids and Buchin as responsible for the failure of him to be provided religious meals or to transfer him" (*id.* at PageID.1505).  Plaintiff emphasizes that his grievance was denied on the merits at each level and that "[a]t none of these levels was there a mention that MDOC staff did not understand what Morgan was grieving and whom" (*id.* at PageID.1506–1507).

Plaintiff's objection is properly denied.  While the Magistrate Judge pointed out that in the single grievance before him, Plaintiff identified only a category of individuals—"IBC staff"—and did not name Defendants, the Magistrate Judge further pointed out that the Michigan Department of Corrections (MDOC) "did not reject the grievance for failure to name specific individuals" (R&R, ECF No. 122 at PageID.1491, 1494).  Therefore, the Magistrate Judge went on to thoroughly measure the content of Plaintiff's grievance against the allegations in the Complaint, ultimately concluding that the September 13, 2016 grievance did not exhaust all the allegations

that Plaintiff made in his Complaint (*id.* at PageID.1494-1499).  Plaintiff's objection fails to demonstrate any factual or legal error by the Magistrate Judge.

Second, Plaintiff argues that "[c]ontrary to the Report, [he] has alleged personal involvement of Defendants John David[s] and Jared Buchin" (Pl. Objs., ECF No. 125 at PageID.1507), and Plaintiff describes the deposition testimony in support of his argument (*id.* at PageID.1507–1512).   Plaintiff's objection is properly denied.   The Magistrate Judge's recommendation in this case rests not on Plaintiff's failure to support his allegations against Defendants relating to events after September 13, 2016 but on Plaintiff's failure to submit a grievance relating to these events (*see* R&R, ECF No. 122 at PageID.1481–1482, 1499). Plaintiff's argument fails to demonstrate that a result different from the Magistrate Judge's recommendation is warranted.

Third, Plaintiff argues that in failing to address the continuing-violation theory, the Magistrate Judge erred in determining that Plaintiff did not properly exhaust his claims against Davids and Buchin (Pl. Objs., ECF No. 125 at PageID.1512–1515).  Plaintiff argues that under the continuing-violation theory, he was not required to file a new grievance as to each new failure to provide him a religious meal or each day that he was not transferred (*id.*).  As a threshold matter, as Defendants point out (Defs. Resp., ECF No. 126 at PageID.1530-1531), the Magistrate Judge did not address Plaintiff's continuing-violation argument because Plaintiff failed to present the argument in his response to Defendants' motion for summary judgment.  Even assuming arguendo that the argument is not waived, the argument does not support a result in this case other than the disposition recommended by the Magistrate Judge.  As the Magistrate Judge determined that Plaintiff failed to show that Defendants were personally involved in any violation of his

constitutional rights on September 13, 2016, Plaintiff's grievance could not operate to put Defendants on notice of any "continuing" violation.  Plaintiff's third objection is properly denied.

Last, Plaintiff briefly argues that the Magistrate Judge erred in determining that Plaintiff had "access to a Vegan meal" (Pl. Objs., ECF No. 125 at PageID.1516).  Plaintiff's argument is misplaced.  Although the Magistrate Judge discussed the suitability of vegetarian meals at IBC (R&R, ECF No. 122 at PageID.1499-1501), the Magistrate Judge did not make a factual finding that Plaintiff had access to vegan meals.  Plaintiff's fourth objection does not reveal any factual error by the Magistrate Judge and is properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Because this Opinion and Order resolves the last pending claim in this case, a Judgment will be entered.  *See* FED. R. CIV. P. 58.  This Court declines to certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 125) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 122) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 93) is GRANTED.

Dated:  August 16, 2022                                    /s/ Jane M. Beckering
                                                                      JANE M. BECKERING
                                                                      United States District Judge